IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-CV-237-H

| | |
|---|---|
| KIMBERLY J. WARD, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM & RECOMMENDATION** |
| KENT G. FLOWERS, JR., | ) |
| Defendants. | ) |

This matter is before the court for continued frivolity review following the court's entry of an order requiring Plaintiff to particularize her complaint. Plaintiff filed a particularized complaint on July 6, 2015. For the reasons set out below, the undersigned RECOMMENDS that Plaintiff's claims against Defendant be DISMISSED.

DISCUSSION

I.  Standard for Frivolity Review

Notwithstanding the determination that Plaintiff is entitled to *in forma pauperis* status, the court is required to dismiss all or part of an action found to be frivolous or malicious, which fails to state a claim on which relief can be granted, or which seeks money damages from a defendant immune from such recovery. 28 U.S.C. § 1915(e)(2); *Michau v. Charleston County*, 434 F.3d 725, 728 (4th Cir. 2006).

A case is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Pro se complaints are entitled to a more liberal treatment than pleadings drafted by lawyers. *See White v. White*, 886 F.2d 721, 722–23 (4th Cir. 1989). However, the court is not required to accept a pro se plaintiff's contentions as true. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). The court is permitted to "pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 327.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to give a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. The statement must give a defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff must offer more detail . . . than the bald statement that he has a valid claim of some type against the defendant." *Trulock v. Freeh*, 275 F.3d 391, 405 (4th Cir. 2001); *see also White*, 886 F.2d at 723 (affirming district court's dismissal of plaintiff's suit as frivolous where plaintiff's complaint "failed to contain any factual allegations tending to support his bare assertion"). While the court must read the complaint carefully to determine if the plaintiff has alleged facts sufficient to support his claims, *White*, 886 F.2d at 724, the court is not required to act as the pro se plaintiff's advocate or to parse through volumes of documents or discursive arguments in an attempt to discern the plaintiff's unexpressed intent, *Williams v. Ozmint*, 716 F.3d 801, 803 (4th Cir. 2013).

2

## II. Plaintiff's Claims

Plaintiff filed her complaint pursuant to Title VII of the Civil Rights Act of 1964. Plaintiff names Kent G. Flowers, Jr., Director of Craven County Department of Social Services, as the defendant in this case. Plaintiff was employed with Craven County Department of Social Services ("DSS") from May 26, 2010, to June 23, 2014, and alleges that she was discriminated against because of a pregnancy and because her husband has a mental disability, schizophrenia. She additionally asserts that she was retaliated against for filing a discrimination complaint with the United States Equal Employment Opportunity Commission ("EEOC"). Plaintiff states that as a result of the discrimination, her employer failed to promote her and she left DSS voluntarily. Plaintiff seeks the recovery of back pay, as well as any other relief the court deems appropriate.

In her complaint, Plaintiff asserts that Defendant discriminated against her based on her pregnancy and her husband's mental disability and retaliated against her in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"). (Compl. at 2-4.)

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The Pregnancy Discrimination Act ("PDA") amended Title VII to include discrimination based on

3

pregnancy within the coverage of its general prohibition on gender-based discrimination. *Newport News Shipbuilding and Dry Dock Co. v. E.E.O.C.*, 462 U.S. 669 (1983); *see* 42 U.S.C. § 2000e(k) (defining "because of sex" and "on the basis of sex").

The ADA affords qualified individuals with protection from adverse employment action taken not only because of that individual's disability, but also "because of the known disability of an individual with whom the qualified individual is known to have a relationship or association." 42 U.S.C. § 12112(b)(4). "The associational discrimination provision . . . was intended to protect qualified individuals from adverse job actions based on unfounded stereotypes and assumptions arising from the employees' relationships with particular disabled persons." *Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 215 (4th Cir. 2002) (quoting *Oliveras-Sifre v. Puerto Rico Dep't of Health*, 214 F.3d 23, 26 (1st Cir. 2000)) (internal quotation marks omitted).

Plaintiff alleges that she was discriminated against based on her pregnancy and because of her husband's "mental disability" and was retaliated against for filing complaints with the EEOC. Plaintiff reports she was subjected to "hostile working conditions [and] mistreatment from management," was passed over for four promotions, received a written warning, received demotions, was accused of hitting a co-worker, and was not given a different supervisor. Plaintiff specifically asserts she suffered the following adverse employment actions: (1) she received a written warning in December 2012; (2) she was told on March 27, 2013, when she was

4

pregnant, that if she fell behind in her work, she would be placed on a work plan; (3) in January 2014, Plaintiff's supervisor asked her about her separation from her husband; and (4) in February 2014, Plaintiff was denied agency promotions after interviews in which her supervisor took part.

Other than Plaintiff's conclusory statements that she was discriminated against based on her pregnancy and her husband's mental illness, she does not include any facts that show the above actions taken by her employer and supervisor were discriminatory in nature. Furthermore, Plaintiff has failed to set forth sufficient facts from which the court may determine whether certain actions taken against her rise to the level of adverse employment action. *See Munday v. Waste Mgm't of N. Am., Inc.*, 126 F.3d 239, 243 (4th Cir. 1997) (acknowledging that an adverse employment action is one that negatively affects "the terms, conditions, or benefits" of employment). Therefore, Plaintiff's discrimination and ADA claims should be dismissed.

Regarding Plaintiff's claim for retaliation, Plaintiff provides no facts beyond her conclusory statement that there is a causal relationship between her protected activity and the adverse employment actions. Plaintiff reports that she filed charges with the EEOC on September 26, 2013, and February 20, 2014, and that she received her right-to-sue letter on October 3, 2014. She states that her employer was aware of her filings, but she does not specify what actions were taken by her employer in retaliation. Thus, her retaliation claim should be dismissed.

5

## CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Plaintiff's claims against Defendant be DISMISSED for failure to state a claim.

IT IS DIRECTED that a copy of this Memorandum and Recommendation be served on Plaintiff. Plaintiff is hereby advised as follows:

You shall have until **November 23, 2015**, to file written objections to the Memorandum and Recommendation. The presiding district judge must conduct his or her own review (that is, make a de novo determination) of those portions of the Memorandum and Recommendation to which objection is properly made and may accept, reject, or modify the determinations in the Memorandum and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *See, e.g.,* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); Local Civ. R. 1.1 (permitting modification of deadlines specified in local rules), 72.4(b), E.D.N.C.

If you do not file written objections to the Memorandum and Recommendation by the foregoing deadline, you will be giving up the right to review of the Memorandum and Recommendation by the presiding district judge as described above, and the presiding district judge may enter an order or judgment based on the Memorandum and Recommendation without such review. In addition, your failure to file written objections by the foregoing deadline may bar you from appealing to the Court of Appeals from an order or judgment of the presiding

district judge based on the Memorandum and Recommendation. *See Wright v. Collins*, 766 F.2d 841, 846-47 (4th Cir. 1985).

This 4th day of November 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge